Hon. Frances Berko State Advocate Office of Advocate for the Disabled
You have asked whether a locality that operates an off-street parking lot limited to residents and provides parking spaces in it for the handicapped may exclude non-residents who possess a handicapped person's special parking permit.
Section 1203-a of the Vehicle and Traffic Law requires the Commissioner of Motor Vehicles to distribute special parking permits for the handicapped to the governing bodies of all cities, towns and villages in the State and in turn requires such governing bodies to issue these permits upon application by any handicapped person who is a resident of the issuing locality. That permit shall "entitle handicapped persons to park in any area in any city, town or village of the state which has been designated by such city, town or village as a place for parking by handicapped persons" (emphasis supplied).
The answer to your question depends upon a choice between two options in interpreting section 1203-a: did the Legislature confer upon the handicapped population a substantive new benefit, i.e., access to parking previously not reserved to them; or did it simply establish a uniform method of identifying handicapped drivers so that they could more conveniently avail themselves of parking already reserved to them. In other words, does section 1203-a give anything new to the handicapped or merely help them identify themselves as handicapped? In our opinion, the former is the case.
The statute mandates the distribution of a single State-wide permit valid in any city, town or village as an entitlement to the bearer to park in any area designated as parking for the handicapped. If the Legislature had intended to make this entitlement subject to conditions (such as residence) to be imposed by various localities, it is doubtful that it would have used the inclusive adjective "any" in describing both the localities and the areas designated for the handicapped. Moreover, if localities were to retain the power to exclude non-resident permit bearers, the statute might well have conferred this discretion when defining the role localities were to play in the permit program. However, as enacted, the statute simply requires the locality to issue a permit to every handicapped resident who applies for one. No mention is made of any discretion to limit the efficacy of the entitlement granted with the issuance of the permit; the role given to localities is purely ministerial.
Section 1203-b of the Vehicle and Traffic Law extends the same parking privileges for the handicapped to those vehicles registered in accordance with section 404-a of the same law, which provides for special registration plates issued to the handicapped by the Commissioner of Motor Vehicles.
As a general proposition, localities may limit access to off-street parking lots to residents (People ex rel. Village of Larchmont v Gilbert,
137 N.Y.S.2d 389, affd 307 N.Y. 773). However, there are many instances in which access may not be so restricted, e.g., if State or Federal money is used, or if the parking lot is on park land. Also, restriction to residents may be prohibited by operation of applicable statutes, e.g., section 72-j, General Municipal Law, which prohibits discrimination against non-residents in parking garages constructed under that statute.
We conclude that sections 1203-a and1203-b of the Vehicle and Traffic Law confer upon the holder of a permit or special vehicle registration plate, as the case may be, an entitlement to park in the spaces designated for the handicapped in any locality and that localities may not limit access to such spaces to resident permit holders.